AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT

JAN 2 0 2023

Eastern District of Arkansas

TAMMY H. DOWNS, CLERK

By: _____ DEP CLERK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| Jerry Lynn O'Neal, Jr. | ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  4:21-cr-54-DPM

USM Number:  36188-509

Molly Sullivan
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)  Count 1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(a) | Transportation of a minor with intent to engage in criminal sexual activity, a Class A Felony | 2/18/2021 | 1 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/18/2023
Date of Imposition of Judgment

Signature of Judge

D.P. Marshall Jr.            United States District Judge
Name and Title of Judge

20  January  2023
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   9

DEFENDANT:   Jerry Lynn O'Neal, Jr.
CASE NUMBER:   4:21-cr-54-DPM

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
120 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
1) that O'Neal participate in a residential drug abuse program, or non-residential programs if he does not qualify for RDAP;
2) that O'Neal participate in mental-health treatment during incarceration;
3) that O'Neal participate in educational and vocational training, emphasis in getting a GED, a driver's license, and

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page ___3___ of ___9___

DEFENDANT:   Jerry Lynn O'Neal, Jr.
CASE NUMBER:   4:21-cr-54-DPM

## ADDITIONAL IMPRISONMENT TERMS

studying horticultural matters;   and
4) designation to FMC Lexington to take advantage of good programs there, particularly the dual diagnosis program.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___9___

DEFENDANT:   Jerry Lynn O'Neal, Jr.
CASE NUMBER:   4:21-cr-54-DPM

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | | | |
|---|---|---|---|---|
| | Judgment—Page | 5 | of | 9 |

DEFENDANT:  Jerry Lynn O'Neal, Jr.
CASE NUMBER:  4:21-cr-54-DPM

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Jerry Lynn O'Neal, Jr.
CASE NUMBER: 4:21-cr-54-DPM

## SPECIAL CONDITIONS OF SUPERVISION

S1) O'Neal must participate in mental-health counseling under the guidance and supervision of the probation officer.

S2) The probation officer will provide state officials with all information required under any sexual-predator and sexual-offender notification and registration statutes. The probation officer may direct O'Neal to report to these agencies personally for required additional processing, including an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

S3) O'Neal must participate in sex-offender treatment under the guidance and supervision of the probation officer. He must abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing. To the extent he is able to pay, O'Neal must contribute to the costs of treatment and polygraphs.

S4) O'Neal must have no direct contact with children he knows or reasonably should know are less than 18 years of age without prior approval from the probation office. O'Neal's family members, and close friends, must be considered for approval as soon as practicable. If direct contact occurs without prior approval, then O'Neal must report it to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact, but does not include incidental contact during ordinary daily activities in public places.

S5) O'Neal must not contact any of the victims, directly or indirectly, by any means, including in person, by mail, by telephone, electronically, or through third parties. If any contact occurs, O'Neal must immediately leave the area of contact and within 24 hours report the contact to the probation officer.

S6) O'Neal must not own or use any computer or device (whether or not equipped with Internet access or a modem) to access the Internet at any location without first receiving written permission from the probation officer. This includes access through any Internet service provider; bulletin board system; gaming system, device, or console; online social networking activities; any public or private computer network system; cell phone; or any other remote device capable of Internet connection. He must not access the Internet by any device or means that is not susceptible to monitoring by the probation office. This condition does not prohibit O'Neal from using a third party's computer to apply for a job at that party's business.

S7) O'Neal must agree to the installation of computer-monitoring software and hardware approved by the probation office; and he shall contribute to the cost of computer monitoring based on his ability to pay. O'Neal must abide by all rules and requirements of the program and must consent to unannounced examinations of all computer equipment and internal and external storage devices. This may include retrieval and copying of all data from the computer and any internal and external peripherals or removal of equipment for the purpose of conducting a more thorough inspection by the probation officer or probation service representative.

S8) O'Neal must not use or maintain any memberships or accounts on any social networking website or online gaming website that allows minor children membership, a profile, an account, or a webpage without prior written approval of the probation officer.

S9) O'Neal must submit his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer who has reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by O'Neal, and by any probation officer in the lawful discharge of the officer's supervision functions pursuant to 18 U.S.C. § 3583(d).

S10) O'Neal must participate, under the guidance and supervision of the probation officer, in substance-abuse treatment programs, which must include regular and random drug testing, and may include outpatient counseling, residential treatment, recovery meetings, or some combination of those options.

S11) O'Neal intends to return to Pace, Florida after being released from incarceration. He should therefore be supervised in the Northern District of Florida. This Court will initiate a transfer of jurisdiction to the District in due course.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page    7    of    9

DEFENDANT: Jerry Lynn O'Neal, Jr.
CASE NUMBER: 4:21-cr-54-DPM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $      0.00 | $      0.00 | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:   Jerry Lynn O'Neal, Jr.
CASE NUMBER:   4:21-cr-54-DPM

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

O'Neal is indigent, so the Court did not impose the $5,000 JVTA assessment.

DEFENDANT:  Jerry Lynn O'Neal, Jr.
CASE NUMBER:  4:21-cr-54-DPM

Judgment — Page __9__ of __9__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
If O'Neal can't pay the special assessment immediately, then during incarceration he must pay 50 percent
per month of all funds available to him  After release, he must pay 10 percent of his gross monthly income.
O'Neal must make payments until the assessment is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.